IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FREDERICK PENNINGTON, JR.                                    PLAINTIFF
ADC #71305

V.                          NO.  5:06CV00003 GH

JOHN DOES, et al                                                          DEFENDANTS

### ORDER

On January 9, 2006, Plaintiff, a pro se inmate currently confined to the Varner Super Max Unit of the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 civil rights action (docket entry #2), along with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1).  Because Plaintiff's case must be dismissed, in forma pauperis status need not be addressed.

### I.  Sua Sponte Dismissal

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. Id. § 1915A(a).  This Court is obligated to dismiss a prisoner's in forma pauperis civil action, or a prisoner's in forma pauperis appeal of the judgment in a civil action, at any time either on its own motion or on the motion of a party if it determines that the prisoner has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Id. § 1915(g).

Section 1915(g) has been held constitutional by Higgins v. Carpenter, 258 F.3d 797, 800 (8th Cir. 2001) (per curiam) ("Section 1915(g) applies only to civil actions, and indigent inmates are not denied IFP status for potentially nonfrivolous civil claims unless and until they file three meritless suits.  Thus, they risk the known possibility of being denied IFP status for future nonfrivolous § 1983 actions when they choose to continue filing frivolous, malicious, and meritless suits after receiving notice of dismissals that would count as § 1915(g) strikes; indigent inmates therefore control whether the three-strikes rule is ever applied to them") (emphasis added).

## II. 28 U.S.C. § 1915(g) - Three Strikes Provision

Records in the office of the Clerk of Court for the Eastern District of Arkansas have been reviewed.  Since 1991, Plaintiff has filed at least fifty separate lawsuits, forty-four that have concerned the conditions of his confinement.  In that time, Plaintiff has had six prior complaints dismissed for failure to state an actionable § 1983 claim,[1] one has been dismissed as frivolous,[2] one has been dismissed for failure to comply with the Court's orders and for failure to prosecute, thus making that filing frivolous,[3] and twenty-two have been dismissed based on Plaintiff's prior three strikes.[4]

---

[1] See Pennington v. State of Arkansas, 5:93CV00145 (filed February 16, 1993); Pennington v. Cauley, 4:97CV00935 (filed November 6, 1997); Pennington v. Brownlee, 5:99CV00184 (filed May 5, 1999); Pennington v. Norris, 5:99CV00225 (filed June 4, 1999); Pennington v. Pryor, 4:00CV00748 (filed October 13, 2000); and Pennington v. Harmon, 5:01CV00034 (filed January 31, 2001).

[2] See Pennington, et al. v. Arkansas Department of Correction, 5:91CV00455 (filed September 4, 1991).

[3] See Pennington v. Bayani, 2:00CV00095 (filed June 9, 2000) (failure to respond to the Court's order).

[4] See Pennington v. McCormack, 4:98CV00577 (filed August 25, 1998); Pennington v. Handcock, 2:99CV00147 (filed August 30, 1999); Pennington v. Evans, 2:00CV00093 (filed May 30, 2000); Pennington, et al. v. Johnson, 4:00CV00749 (filed October 13, 2000); Pennington v. Brewer, 5:00CV00383 (filed October 19, 2000); Pennington v. Toney, 5:00CV00390 (filed October 24, 2000); Pennington v. Toney, 5:00CV00437

The Court recognizes that two of the eight dismissals as strikes occurred prior to the Prison Litigation Reform Act's ("PLRA") enactment on April 26, 1996; however, pre-PLRA dismissals for frivolousness, maliciousness, or for failure to state a claim count as "strikes" for purposes of § 1915(g).  The merits of an inmate's underlying action are not changed by § 1915(g); only an inmate's ability to file the action in forma pauperis is affected. Furthermore, to interpret the statute as only applying to actions commenced after the effective date of the PLRA would give every prisoner, regardless of the number of prior frivolous suits, three more opportunities to pursue frivolous actions without paying filing fees up front.  The Eighth Circuit has recognized that civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim before the effective date of the PLRA, are to be counted in determining whether a prisoner has three "strikes" and therefore may no longer prosecute a claim in forma pauperis.  See In re Tyler, 110 F.3d 528, 529 (8th Cir. 1997) (implicitly recognizing without discussion the dismissal of Plaintiff's pre-PLRA claims in determining his number of strikes); see also Ayers v. Norris, 43 F. Supp.2d 1039, 1044 n.4 (E.D. Ark. 1999), overruled on other grounds by Higgins, 258 F.3d at 800 (stating that § 1915(g)'s three strike provision does not have an impermissible retroactive effect; court

---

(filed November 22, 2000); Pennington v. Gibson, 4:00CV00965 (filed December 29, 2000); Pennington v. Gibson, 4:01CV00040 (filed January 24, 2001); Pennington v. Clinton, 4:01CV00059 (filed February 1, 2001); Pennington v. Norris, 5:01CV00040 (filed February 6, 2001); Pennington v. Mars, 4:01CV00107 (filed February 21, 2001); Pennington v. Norris, 5:01CV00053 (filed February 21, 2001); Pennington v. Norris, 5:01CV00138 (filed April 27, 2001); Pennington v. Toney, 5:02CV00178 (filed May 15, 2002); Pennington v. Norris, 5:02CV00375 (filed October 10, 2002); Pennington v. Norris, 5:03CV00086 (filed March 7, 2003); Pennington v. Norris, 5:04CV00005 (filed January 6, 2004); Pennington v. Cearley Law Firm, 5:04CV00039 (filed January 30, 2004); Pennington v. Mobley, 5:04CV00359 (filed October 7, 2004); Pennington v. Bisbee, 5:05CV00326 (filed November 21, 2005); and Pennington v. Norris, 5:05CV00342 (filed November 30, 2005).

properly counted four of inmate's pre-PLRA in forma pauperis complaints as strikes that had been dismissed as frivolous).[5]

The Court additionally finds, based on the allegations contained in Plaintiff's present complaint (docket entry #2), that he is not in imminent danger of serious physical injury. Specifically, Plaintiff asserts only that he has suffered many retaliatory acts between October 17, 2000, and October 2005, based on his numerous filings of verbal and written complaints at the Varner Super Max Unit. These include being sprayed with chemical agents, confiscation of his property, the receipt of false disciplinary reports, miscellaneous excessive force incidents (mace, hand slammed in the trap, and swung at and possibly hit with a crowbar), unspecified denials of medical treatment from the infirmary, food poisoning and tampering, and the implementation of a cardiovascular diet he did not request. Plaintiff seeks an immediate release from prison, trial by jury, counsel appointed, court costs, attorney fees, and compensatory and punitive damages to be decided by a jury or, alternatively, $7,000,000 and $21,000,000 respectively.

### III. Conclusion

For the reasons explained herein, Plaintiff's case is DISMISSED WITHOUT PREJUDICE and all pending motions are DENIED WITHOUT PREJUDICE AS MOOT.

---

[5] Many other Circuit Courts of Appeal agree that pre-PLRA dismissals for frivolousness, maliciousness, or for failure to state a claim count as "strikes" for purposes of Section 1915(g). See Welch v. Galie, 207 F.3d 130, 131-32 (2d Cir. 2000) (per curiam); Ibrahim v. District of Columbia, 208 F.3d 1032, 1035-36 (D.C. Cir. 2000); Day v. Maynard, 200 F.3d 665, 667 (10th Cir. 1999) (per curiam); Medberry v. Butler, 185 F.3d 1189, 1192 (11th Cir. 1999); Patton v. Jefferson Corr. Ctr., 136 F.3d 458, 461-62 (5th Cir.1998); Wilson v. Yaklich, 148 F.3d 596, 602-04 (6th Cir. 1998); Keener v. Pennsylvania Bd. of Prob. & Parole, 128 F.3d 143, 144 (3d Cir. 1997) (per curiam); Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

Should Plaintiff wish to continue this case, he must submit the statutory filing fee of $250.00 to the Clerk of the Court, noting the above case style and number, within thirty (30) days of this order's entry date, along with a motion to reopen the case. Upon receipt of the motion and full payment, this case will be reopened.

The Court additionally certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from this order or any judgment entered hereunder, would not be taken in good faith.

IT IS SO ORDERED this 28th day of February, 2006.

*George Howard, Jr*
UNITED STATES DISTRICT JUDGE